**Hozay ROYAL, a/k/a Carlos Johnson, Plaintiff,**

v.

**Robert DURISON and Vivian T. Miller, Defendants.**

No. Civ.A. 03–4441.

United States District Court, E.D. Pennsylvania.

May 26, 2004.

---

Hozay Royal, Frackville, PA, pro se.

Jean Y. Durbin, City of Phila Law Dept., Philadelphia, PA, for Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This action is brought under 42 U.S.C. § 1983 by Hozay Royal, a/k/a Carlos Johnson ("plaintiff"), who alleges that his constitutional rights were violated by Robert Durison and Vivian T. Miller (collectively "defendants") during his imprisonment for three felony convictions. Specifically, plaintiff claims that he was detained for approximately six months in excess of the statutorily prescribed maximum for the crimes in which he was convicted, thus violating his Eighth Amendment right against excessive imprisonment; and that defendants failed to give meaningful and expeditious consideration to plaintiff's request for adjustment of pre-commitment time, thus violating his Fourteenth and Fifth Amendment rights to procedural due process.

Presently before the Court are the parties' cross-motions for summary judgment. For the reasons that follow, defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

## I. BACKGROUND [1]

On or about March 26, 1983, plaintiff was arrested and detained for retail theft. By posting bail, plaintiff was released from detention on April 14, 1983 and a preliminary hearing was scheduled for April 28, 1983. Because plaintiff failed to appear for the scheduled preliminary hearing, a bench warrant was issued on April 28, 1983. On or about July 29, 1984, plaintiff was arrested for a separate retail theft charge, and rearrested pursuant to the bench warrant. On November 15, 1983, plaintiff entered a guilty plea to the two retail theft charges and a single charge of failing to appear for a court appearance.

On or about January 25, 1984, plaintiff was sentenced to two to four years of imprisonment for each offense, to run concurrently, followed by three years of probation, to run consecutively, as a result of the three felony convictions. Plaintiff served the maximum term of detention according to the sentence, and was released on or about January 25, 1987 subject to certain terms of probation. During the probation period, plaintiff was arrested on new charges and detained on February 16, 1999. Although the charges which warranted the new arrest were eventually dismissed, plaintiff was sentenced on October 12, 1999 to one and a half to three years incarceration for violating the terms of his probation.

While serving his sentence for violating the terms of his probation, plaintiff received a sentence status summary report. The report indicated that plaintiff was being credited for time served between February 19, 1999 to October 12, 1999. In late October, plaintiff sent defendant Durison, who was the Director of Classification for the Philadelphia Prison System, a letter requesting that the pre-commitment time

1. Unless otherwise noted, the following facts    are not contested by the parties.

served from March 26, 1983 to April 14, 1983 and July 29, 1983 to January 25, 1984—a period totally approximately 6 months—be credited towards his sentence.

In a letter dated November 15, 1999, Durison responded to plaintiff's request indicating that plaintiff's request was being rejected. After conducting a personal investigation into the matter, Durison concluded (and notified plaintiff) that the microfilm for the period in question was not available and that in any event, plaintiff's pre-commitment time was properly credited if plaintiff was being incarcerated for violating probation.

Convinced that all of his pre-commitment time was not properly being credited, plaintiff again wrote Durison on January 16, 2000. Durison wrote a letter to Inmate Records on March 14, 2000 acknowledging a minor error (February 16, 1999 to October 12, 1999 instead of February 19, 1999 to October 12, 1999) in pre-commitment credit. Plaintiff was copied on this letter.

In August or September of 2000, plaintiff filed a Post Conviction Relief Act (PCRA) petition in the Pennsylvania courts seeking to receive what plaintiff still believed was the proper pre-commitment credit. During the pendency of the petition, plaintiff alleges (and both defendants deny) that he sent additional correspondences to Durison in letters dated July 28, 2001 and August 27, 2001 and a letter to defendant Miller, dated October 6, 2001. On October 30, 2003, plaintiff's PCRA petition was denied as moot plaintiff having been released from prison and no longer serving his sentence.

In the instant action, plaintiff claims that his Eighth Amendment right against excessive punishment was violated because

he was imprisoned for a term longer than that prescribed by statute for the crimes in which plaintiff was convicted.[2] Plaintiff also alleges that his Fifth and Fourteenth Amendment rights to procedurally due process were violated when Durison and Miller failed to take "meaningful and expeditious" action to ensure that plaintiff was properly credited pre-commitment time.

## II. DISCUSSION

### A. *The Standard for Summary Judgment.*

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" only if its existence or non-existence would affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" only when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. *Id.* In determining whether there exist genuine issues of material fact, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 305–06 (3d Cir.2001) (*citing Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

Although the moving party bears the burden of demonstrating the absence of a genuine issue of material fact, in a case such as this, where the non-moving party

---

**2.** Plaintiff asserts that the maximum statutory term of imprisonment for the three convictions is seven years. According to plaintiff's

arithmetic, he served just over seven and half years in connection with the convictions at issue.

is the plaintiff, and therefore, bears the burden of proof at trial, that party must present affirmative evidence sufficient to establish the existence of each element of his case. *Id.* at 306 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Accordingly, a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid the entry of summary judgment, *see Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, but rather, she "must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Service.*, 214 F.3d 402, 407 (3d Cir. 2000).

### B. *Plaintiff's Eighth Amendment Claim.*

██ To establish § 1983 liability in this context, a plaintiff must first demonstrate that a prison official had knowledge of the contention that the sentence the prisoner is serving has been incorrectly calculated and thus of the risk that unwarranted punishment was being, or would be, inflicted. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir.1989). Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. *Id.* Lastly, a prisoner must show a causal connection between the official's response to the problem and the infliction of the unjustified detention. *Id.*

██ Assuming at this stage that plaintiff's pre-commitment time was improperly credited and that, therefore, plaintiff's sentence was in excess of the maximum term mandated by statute in Pennsylvania, plaintiff's Eighth Amendment claim fails because he has failed to establish that the excessive detention was the result of deliberate indifference by prison officials.

Once Durison was notified by plaintiff of a possible miscalculation in pre-commitment time, he conducted a personal investigation into the matter. He found that the relevant records for the period in question were missing and that in any event, plaintiff's pre-commitment time was properly credited if plaintiff was being incarcerated for violating probation. Within weeks of receiving plaintiff's first letter, Durison responded to the plaintiff in a handwritten note and notified plaintiff as to the circumstances which prevented him from granting plaintiff's request. Two months after receiving plaintiff's second letter, Durison copied plaintiff on a letter to the Inmate Records indicating that a change in the pre-commitment credit was being made due to what appears to have been a minor clerical error.

Deliberate indifference may be shown when a prison official "fail[s] to address a sentence calculation problem brought to his attention...." *Sample*, 885 F.2d at 1110. It has been demonstrated "in those cases where prison officials were put on notice and then simply refused to investigate a prisoner's claim of sentence miscalculation." *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir.1993) (*citing Alexander v. Perrill*, 916 F.2d 1392, 1398 (9th Cir.1990)). Here, plaintiff has failed to offer sufficient evidence that Durison failed to address or "simply refused to investigate" plaintiff's situation. To the contrary, it is undisputed that Durison investigated the circumstances surrounding plaintiff's multiple arrests, multiple convictions, sentence and probation, and notified plaintiff in two separate correspondences that Durison was unable to change the period of the sentence by crediting pre-commitment time served, as requested by plaintiff. Indeed, Durison found a minor discrepancy in the

pre-commitment credit dates and notified plaintiff of a change to correct the error. Given these circumstances, the Court finds that, once put on notice of plaintiff's concerns, Durison discharged his duty to address the potential sentencing calculation problem by investigating the matter and notifying plaintiff as to what the results of the investigation were. The Court, therefore, concludes that plaintiff has failed to proffer sufficient evidence from which a factfinder could find the existence of deliberate indifference on the part of Durison.

■ Plaintiff's Eighth Amendment claim against defendant Miller also fails. Miller is the Clerk of Quarter Sessions in Philadelphia County. Her office keeps the records and files used to determine whether or not pre-commitment time should be credited. Although Miller performed what she calls "an extensive search" for plaintiff's records, she has no personal involvement in calculating time for inmate sentences. For this reason, the Court finds that plaintiff has failed to establish the third prong of an excessive imprisonment claim, i.e., a causal connection, between Miller's conduct and plaintiff's alleged excessive imprisonment. With no authority to calculate plaintiff's sentence, Miller cannot be held liable for any miscalculation of the sentence. Moreover, the fact that Miller failed to respond to plaintiff's letter in October of 2001 does not establish deliberate indifference because others, Durison in this case, were available to pursue and address the matter. *Sample*, 885 F.2d at 1110; *see also Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir.1993) (finding that prison officials have no duty to respond to prisoner complaints when other officials are already addressing the complaints).

For these reasons, the Court finds that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law with regard to plaintiff's Eighth Amendment claim. Thus, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted as to this claim.

### C. *Plaintiff's Fifth and Fourteenth Amendments Claim.*

In support of his due process claim, plaintiff alleges that "[t]he process that [he] received in connection with the rejection of his claims was constitutionally inadequate" because his request for consideration of the alleged sentencing calculation error was not given "meaningful" and "expeditious" consideration.

■■ The Third Circuit has held that, because a prisoner's interest in avoiding wrongful detention is a strong one, due process entitles a prisoner with a meaningful and expeditious consideration of claims that the term of prisoner's sentence has been miscalculated. *Sample*, 885 F.2d at 1115. Plaintiff in this case has failed to point to evidence from which a factfinder would find that his claim was not meaningfully and expeditiously considered by defendants.

As noted above, the evidence demonstrates that, once Durison was notified of a potential problem, he investigated the matter and wrote plaintiff a response within weeks. Two months after receiving a second letter from plaintiff concerning the calculation of pre-commitment credit, Durison copied plaintiff on a letter to Inmate Records indicating that a small adjustment was being made. Although the adjustment was not the relief that plaintiff sought, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Gordon v. Vaughn*, 1999 WL 305240, at *2, 1999 U.S. Dist. LEXIS 7060, at *4 (E.D.Pa. May 12, 1999) (*citing Adams v. Rice*, 40 F.3d 72, 74 (4th Cir.

1994), *cert. denied,* 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995)). That subsequent letters addressed to Durison regarding the same issue may have been ignored does not implicate plaintiff's due process rights because plaintiff's concerns had already been investigated and addressed by this time.

As for Miller, she had no duty to respond to the letter alleged to have been sent to her by plaintiff given that another prisoner official, Durison, was already addressing plaintiff's issues. *Durmer,* 991 F.2d at 67. For these reasons, summary judgment is granted in favor of defendants and against plaintiff as to the due process claim.

III.  CONCLUSION

In view of the forgoing discussion, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

An appropriate order follows.

*ORDER*

AND NOW, this **26th day** of **May 2004,** in accordance with the accompanying memorandum, it is hereby **ORDERED** that defendants' motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED.**

It is **FURTHER ORDERED** that **JUDGMENT** is entered against plaintiff and in favor of defendants as to all of plaintiff's claims.

**AND IT IS SO ORDERED.**